696 P.2d 1373

**STATE of Arizona, Appellee,**

v.

**Louis Woodrow FREADER, Appellant.**

**1 CA–CR 7510.**

Court of Appeals of Arizona,
Division 1, Department D.

Jan. 15, 1985.

Review Denied March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

OPINION

CONTRERAS, Judge.

This is an appeal from a denial of a motion to purge a citation of contempt and

of the punishment imposed. The issues on appeal are whether the trial court initially erred in (1) ordering appellant to spend six months in jail after he failed to pay $174 of a $224 fine imposed on a misdemeanor conviction and further erred by (2) refusing to allow appellant to be released when the balance of the fine was paid. We conclude that the trial court erred on both counts.

Appellant had been involved in an altercation with two women in the parking lot of a convenience market. The police were called and after an altercation with several police officers, appellant was arrested and charged with resisting arrest and aggravated assault. On October 5, 1982, pursuant to a plea agreement, appellant entered a plea of guilty to resisting arrest. On November 2, 1982, judgment was entered and the offense was designated a misdemeanor. The trial court imposed sentence of a fine in the amount of $224 to be paid on or before January 3, 1983. On July 14, 1983, a bench warrant was issued for appellant's arrest because he had failed to pay his fine. Appellant was arrested on another matter on September 16, 1983, and the previously issued bench warrant was served on him.

A hearing was conducted on September 23, 1983, at which the trial judge asked appellant about the numerous messages she had received from him giving excuses for his failure to pay the fine. It was shown at the hearing that appellant had paid $50 of the fine in July. The trial judge questioned appellant at length about his employment and finances. Appellant stated that he was hoping his wife would be able to borrow money to pay the fine, and the court continued the hearing until September 28. Appellant remained in custody until the second hearing.[1] At the September 28 hearing, counsel for appellant advised the judge that appellant still was unable to pay the balance of the fine.

The trial judge ruled that appellant's failure to pay the full $224 fine on the misdemeanor charge was willful, found that the default constituted contempt and ordered that appellant be incarcerated in the Maricopa County Jail for a period of six months, beginning September 28, 1983.[2] See A.R.S. § 13–806(A) (Supp.1974–1984).

Counsel for appellant asked the trial judge if she would permit him to make a motion to reconsider the imposition of the six-month term if appellant's family was able to pay the fine. The trial judge stated, "I'm happy to entertain any motion that you think is appropriately filed ..." Appellant's counsel thereafter filed a pleading designated as "Motion in Request of Relief Re: Purging of Contempt."

On October 5, 1983, appellant's motion to purge the contempt was heard. At the hearing, appellant's counsel presented to the judge a receipt from the Maricopa County clerk's office reflecting payment of the remaining balance of $174. When counsel for appellant advised the judge that the payment of the balance of the fine was made with family funds, the trial judge stated that she felt she had "been used" by the appellant's attempts to bargain about payment of the fine once he had been incarcerated. The trial judge further stated that "Mr. Freader hasn't purged himself. Some kind soul has paid his obligation." The judge then denied the motion to purge contempt, thereby leaving appellant to serve the six-month sentence previously imposed for failing to pay $174 of the $224 fine.

A notice of appeal challenging the denial of the motion to purge contempt and the sentence imposed was filed on October 21, 1983.[3] No further pleadings directed to the contempt incarceration were filed, and

1. Until September 28, 1983, appellant's stay in jail resulted from an arrest on unrelated charges.

2. The court also ordered that the time appellant spent in jail after September 28, 1983, would not be considered presentence incarceration should he be convicted on the unrelated charges.

3. Simultaneously with the filing of the notice of appeal, the appellant's privately retained counsel was permitted to withdraw as counsel. The Maricopa County Public Defender was subsequently substituted as counsel and filed a brief on behalf of appellant.

from the record presently before us along with statements made in the briefs on appeal, it appears that appellant served the full six-month term.

■ Appellant raises two issues on appeal. First, that the sentence imposed was illegal, and second, that the trial court erred when it refused to release appellant upon payment of the balance of his fine. Appellant asks that the matter be remanded for an imposition of a legal sentence and that the fine paid by appellant be returned to him since it is impossible to return the time appellant spent in jail. There is no question but that the six-month sentence imposed was a direct violation of A.R.S. § 13–806(C) (Supp.1974–1984). The statute provides:

> The term of imprisonment on contempt for nonpayment of a fine or restitution shall be specified in the order of commitment and shall not exceed one day for each ten dollars of the fine or restitution, thirty days if the fine or restitution was imposed upon conviction of a misdemeanor or six months in any other case, whichever is the shorter period. A person committed for nonpayment of a fine or restitution shall be given credit toward payment for each day of imprisonment at the rate specified in the order of commitment.

On the date the trial judge ordered appellant jailed, he owed $174 of his $224 fine. The trial judge therefore, under the foregoing statute, had the statutorily limited authority to order incarceration for a maximum of 17 days (". . . one day for each ten dollars of the fine . . ."), and not the 180 days imposed. The trial judge's belief that the failure to pay the fine was a willful violation by appellant of the court's order is immaterial with respect to the length of time appellant could be incarcerated. The imprisonment guidelines specified in A.R.S. § 13–806 apply to nonpayment of fines regardless of whether the refusal to pay is intentional or willful. In addition, A.R.S. § 13–806(A) further limits the term of incarceration since the concluding portion provides that the court ". . . may order the defendant incarcerated in the county jail until the fine . . . is paid." Once the fine was paid, as was done here, the contempt was purged and the trial judge was then obligated to order appellant's release. This is so regardless of whether appellant personally paid the fine or someone else paid it for him.

■ In seeking return of his fine, appellant asks this court to exceed its jurisdiction. In the context of the appeal presently before us, our jurisdiction extends only to actions that originate in the superior court. A.R.S. § 12–120.21(A). As the state points out in its answering brief, we are limited in this appeal to a consideration of the contempt proceeding because there was no appeal from the original conviction and sentence.

We feel compelled to comment further on the mishandling of this case since the blame for an extended illegal incarceration must be shared. The trial judge is not the only one who erred. At the September 28 hearing and at the October 5 hearing when appellant sought release, his counsel should have cited the limitations of A.R.S. § 13–806(C), which limits incarceration to one day for each $10 of fine owed, which, in this case would be 17 days. Similarly, at the October 5 hearing his counsel should have directed the trial judge's attention to A.R.S. § 13–806(A), which mandates appellant's immediate release upon payment of the fine. Furthermore, appellant's counsel could have and probably should have filed a petition for a writ of habeas corpus on or after October 5, 1983, the date it was conclusively shown to the court that appellant's fine was paid. No such petition was filed despite the obvious illegality of the sentence imposed. Had appellant's counsel taken either of these steps, appellant might not have spent 180 days in jail.

■ It also is clear that the prosecutor in this case must share the blame since he

stood mute while an illegal, improper and disproportionate sentence was imposed.[4] Appellant's written motion requesting that the contempt be purged stated that the prosecutor would not be taking a position on the purging of contempt. At the October 5 hearing, the prosecutor stated that he was not taking a position on the motion for release because he believed the state was not "a party per se" in a contempt proceeding. While the prosecutor is technically correct in stating that the state was not a party to the court's contempt proceeding, such a statement ignores the prosecutor's obligation to ensure that justice is done. *See State v. Noriega,* 142 Ariz. 474, 690 P.2d 775 (1984); *Pool v. Superior Court,* 139 Ariz. 98, 677 P.2d 261 (1984). The prosecutor must be held to a higher standard of conduct than an ordinary attorney. *Noriega, supra* 142 Ariz. at 486, 690 P.2d at 787. As our supreme court has stated:

> [T]he prosecutor is not the representative of an ordinary litigant; he is the representative of a government whose obligation to govern fairly is as important as its obligation to govern at all. The prosecutor's interest in a criminal prosecution "is not that it shall win a case but that justice shall be done."

*Noriega,* at 486, 690 P.2d at 787; *Pool,* 139 Ariz. at 103, 677 P.2d at 266. Here, justice was not done. Rather, it clearly appears that an injustice has taken place.

For the foregoing reasons we reverse the sentence imposed by the trial court. We also remand this matter so the trial court can correct the record to reflect the purging of contempt and to record the proper sentence.

CORCORAN, P.J., and MEYERSON, J., concur.

---

**4.** The state in its answering brief concedes error and states: "It is clear that Ariz.Rev.Stat.Ann. § 13–806 applies to the instant case.... The record reflects full compliance with the proce- dure (sic) requisites of § 13–806. Only the limits of punishment were exceeded." It is also to be noted that counsel for the state on appeal was also counsel for the state in the trial court.